**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARY LEE and JOHN DAVID LEE, | ) |
|     Plaintiffs, | ) |
| v. | ) |
| THE SHERIFF OF PAWNEE COUNTY, in his Official Capacity, and PAWNEE COUNTY BOARD OF COMMISSIONERS, | ) Case No. 19-cv-00587-JWB-SH |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the motion of Defendant Pawnee County Board of Commissioners (the "County") to quash a notice of deposition issued by Plaintiffs Mary Lee and John David Lee. Plaintiffs and all Defendants have since reached an agreement on all but one issue—whether the 30(b)(6) deposition of the Pawnee County Sheriff's Office ("PCSO") should include two topics relating to PCSO's sale of other unclaimed personal property. Based on the information provided by the parties, the discovery sought is relevant and proportional to the needs of the case. The motion is, therefore, denied.

**Background**

Plaintiffs filed this lawsuit on November 1, 2019, asserting claims relating to the disposition of items removed from their property by PCSO pursuant to a search warrant targeting their son. (ECF No. 2.) Specifically, Plaintiffs complain that PCSO confiscated multiple of Plaintiffs' firearms and two trailers; that PCSO kept the firearms for several months without cause; and that PCSO disposed of Plaintiffs' trailers without notice or a

hearing.[1] (*Id.* ¶¶ 15, 17-21.) Plaintiffs assert claims against the County and the Sheriff of Pawnee County, in his Official Capacity, under 42 U.S.C. § 1983 and for negligence *per se*. (*Id.*)

On July 22, 2022, Plaintiffs issued the *Notice of Video Deposition* that is the subject of the current dispute. (ECF No. 45-1.) In that *Notice*, Plaintiffs sought to conduct a Rule 30(b)(6) deposition of the County on August 23, 2022. (*Id.*) The County moved to quash the *Notice*, initially arguing that (1) the topics were more appropriately addressed to a PCSO representative; and (2) two of the listed topics were overbroad. (ECF No. 45 at 2-4.) Since the filing of the motion, the parties have reached an agreement as to the first issue—agreeing that Plaintiffs will withdraw their deposition notice to the County and reissue it to PCSO, with a tentative agreed deposition date of September 22, 2022. (ECF No. 51 at 2.) The parties,[2] however, still have a dispute as to the second issue—the breadth of Topics #11 and #12—and state they "are in need of a ruling from the Court regarding the scope of the Plaintiffs inquiry into other incidences of the PCSO selling and/or disposing of property." (*Id.* at 2-3.)

## Analysis

### I.  Standard of Review

A party may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

---

[1] In the current briefing, Plaintiffs assert they were informed the trailers had been sold. (ECF No. 46 at 2.)

[2] Although the original motion was filed by the County, both Defendants are represented by the same counsel, and the Joint Status Report states the position of both Defendants as to the deposition in which PCSO will now be the deponent. (ECF No. 51 at 1-3, 5-6.)

Where the discovery sought is relevant and proportional, the responsive information need not be admissible in evidence in order to be discoverable.[3] *Id.*

One of the methods by which a party may obtain discovery is by deposition. *See* Fed. R. Civ. P. 30. Where the deponent is a governmental agency or other entity—like PCSO here—the notice must describe with particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). The entity is then obligated to designate the persons who will testify on its behalf, and those persons must testify about information "known or reasonably available to the organization." *Id.*

The Court, however, must limit the extent of discovery if (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity to obtain the information; or (iii) the proposed discovery is outside the permitted scope. Fed. R. Civ. P. 26(b)(2)(C). Defendants do not argue that the discovery sought is cumulative, duplicative, available from another source, or something Plaintiffs have already had the opportunity to obtain. Instead, Defendants appear to be attacking the discovery as outside the permitted scope of relevant information proportional to the needs of the case.

## II. The Discovery Sought is Relevant and Proportional, at Least Under the Facts Provided by the Parties

Plaintiffs' deposition notice lists 15 areas of examination. (ECF No. 45-1 at 4-5.) Topics #1-4 relate to policies PCSO has had on various topics relating to the seizure of property, impounding and inventorying vehicles, returning seized property, and other

---

[3] The Court, therefore, rejects Defendants' argument that the post-2018 discovery "would be overly prejudicial and potentially be an inadmissible subsequent remedial measure." (ECF No. 51 at 6.)

issues. (*Id.*) Topics #5-9 and #13 relate to the specific events in this case—the February 9, 2018, search and seizure, the disposition of the seized property, and any review of those events. (*Id.* at 5.) Topics #10 and #14-15 relate to hiring and retention of a certain individual, PCSO's organizational structure, and PCSO's relationship with two towing companies. (*Id.*)

Defendants object to Topics #11 and #12, which appear to relate to other instances in which PCSO might have sold seized property:

> Topic #11: The facts and circumstances of any and all 22 O.S. § 1325(C) special proceedings which have been initiated by the PCSO from 2015 to present.
>
> Topic #12: The amount of money and property the PCSO has received [from] 22 O.S. § 1325(C) public sales from 2015 to present.

(ECF No. 46-3 at 5.) Defendants argue that these topics are improper for two reasons: (1) there is no reference to Okla. Stat. tit. 12, § 1325 in the complaint and this topic "seems to be seeking to add claims" to that complaint; and (2) the time frame of "2015 to present" is too broad, irrelevant, and includes potentially prejudicial and inadmissible information. (ECF No. 45 at 3-4; ECF No. 51 at 5-6.) Other than a reference to an inapplicable rule regarding deposition conduct,[4] Defendants offer no legal authorities for their assertions.

### A.    The Topics are Relevant

Topics #11 and #12 seek information that is relevant to Plaintiffs' claims. To assert a § 1983 claim against a local government, Plaintiffs must show that "execution of a

---

[4] See ECF No. 45 at 3, which cites Fed. R. Civ. P. 30(d)(3)(A), a provision allowing a deponent or party, during a deposition, to move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

4

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" in their complaint. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Or, as the Tenth Circuit has rephrased it, Plaintiffs must show (1) the existence of a municipal policy or custom; and (2) a direct causal link between that policy or custom and the injury alleged. *Bryson v. Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010). Such "policy or custom" may be shown in a variety of ways, including by demonstrating "an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (cleaned up).

Here, Plaintiffs have claimed that PCSO has a policy and practice "of failing to inventory and store seized property with great disregard for property rights and failed to establish or follow a process for the swift recovery of wrongfully seized property." (ECF No. 2 ¶ 28.) Plaintiffs have also asserted that PCSO's policies and practices, including this one, have "resulted in numerous instances of people's property being taken and disposed of without any notice," resulting in the violation of Plaintiffs' (and others') constitutional rights. (*Id.* ¶ 32.) Under Oklahoma law, when a sheriff's office comes into possession of personal property—whether stolen, lost, or otherwise—and the owner of that property is unknown or has not claimed the property, it may be disposed of in certain ways. Okla. Stat. tit. 22, § 1325(A). Where that disposition will be by public sale, § 1325(C) sets forth the appropriate procedure, including the filing of an application with the district court. *Id.* § 1325(C).

In this case, it is logical to believe that § 1325(C) <u>may</u> have applied to the two trailers Plaintiffs claim are theirs. The County states that, in the February 2018 search,

"Multiple trailers which had been reported stolen were found. Multiple trailers with the identification either visibly removed or painted over were found." (ECF No. 45 at 1.) Plaintiffs have stated they were told the two trailers had been sold "because the Plaintiffs could not prove ownership of them." (ECF No. 46 at 2.) Given the facts as presented by the parties, it is reasonable to believe that the two trailers may have been treated as "owner unknown" or unclaimed by PCSO and sold. Because Plaintiffs must show a policy—which may include an informal custom amounting to a widespread practice that is permanent and well-settled—information as to when and whether PCSO has invoked § 1325(C) to dispose of personal property is relevant to Plaintiffs' claims. *See* Fed. R. Evid. 401 (noting evidence is relevant if it has any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without that evidence). Similarly, the magnitude of those sales—the amount of money and property received—would be relevant to understand how widespread the practice was.

The Court does not find Plaintiffs foreclosed from discovering this evidence due to their citation of a different statute in their complaint. Defendants argue that the only statute referenced in the complaint is Okla. Stat. tit. 63, § 2-506, and assert Plaintiffs are attempting to "add claims" through discovery. However, § 2-506 (a forfeiture statute) is not cited as part of Plaintiffs' § 1983 claim. Instead, as part of their state law claim for negligence *per se*, Plaintiffs allege that, in seizing the firearms and trailers, Defendants violated state law and note "by way of example, Defendants violated [§ 2-506] which requires that a formal forfeiture proceeding be initiated in order for the state to take formal ownership of a citizen's property." (ECF No. 2 ¶ 56.) This allegation in no way limits Plaintiffs' § 1983 claim. It does not even appear to relate to the § 1983 claim, and, even if it did, it simply provides one example of how state law might have been violated—

6

had PCSO took ownership of the property. From the parties' statements in the briefing, it appears discovery has indicated that PCSO may have, instead, considered the trailers to be unclaimed and to have sold them—or allowed them to be sold.

The Court also rejects Defendants' argument that any facts after 2018 "would be wholly irrelevant to what happened in 2018." (ECF No. 51 at 6.) Defendants offer no legal authority for this assertion. "Post-event evidence can shed some light on what policies existed . . . on the date of an alleged deprivation of a constitutional right." *Bordanaro v. McLeod*, 871 F.2d 1151, 1167 (1st Cir. 1989); *see also Cannon v. City & Cnty. of Denver,* 998 F.2d 867, 877-78 (10th Cir. 1993) (citing post-event evidence as supporting a finding that the defendants had a policy or custom); *Cox v. Glanz,* No. 11-CV-457-JED-FHM, 2014 WL 903101, at *9-12 (N.D. Okla. Mar. 7, 2014) (collecting cases), *rev'd in part on other grounds,* 800 F.3d 1231 (10th Cir. 2015). The Court finds the evidence sought to be relevant in this case.

### B. The Discovery Sought is Proportional

When addressing proportionality, the Court considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Defendants primarily assert that the discovery sought in Topics #11 and #12 would be "unduly burdensome."

The 2015 amendments to Rule 26, which restored proportionality, did "not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26, adv. ctte.'s note to 2015 am. Rather, "[a] party claiming undue burden or expense ordinarily has far better information—perhaps the

7

only information—with respect to that part of the determination." *Id*. Here, Defendants have offered no information as to the burden imposed on PCSO to provide information on § 1325(C) proceedings from 2015 to present. Defendants have not, for example, provided any information regarding recordkeeping or the accessibility of records relating to § 1325(C) proceedings. Instead, Defendants have simply noted that "[t]his time period covers multiple election cycles and multiple Commissioners, none of [whom] are individual parties to the case." (ECF No. 51 at 5.) The personal knowledge of individuals chosen by an organizational deponent to be its representatives is not a basis to object to a 30(b)(6) deposition topic. It is the "information known or reasonably available to the organization" that matters. Fed. R. Civ. P. 30(b)(6). The changing of top officers—whether elected governmental officials or company CEOs—in inherent in almost any organization over time. Seven years of "facts and circumstances" for an unknown number of proceedings is not inherently unduly burdensome, particularly when Defendants are not objecting to the more remote years of 2015-2018 but, instead, focus their objections on the most recent four years. Defendants have offered no basis for the Court to determine that any significant burden is imposed by Plaintiffs' requested discovery.

The Court then turns to the proportionality factors. The issues at stake in this litigation are significant, relating as they do to the alleged deprivation of a citizen's property without due process of law. The amount in controversy is unclear but is alleged to be more than $75,000. (ECF No. 2 at 8.) It does not appear Plaintiffs have access to the requested information <u>without</u> obtaining it from Defendants. Plaintiffs have adequately explained "the ways in which the underlying information bears on the issues" as they understand them, Fed. R. Civ. P. 26, adv. ctte.'s note to 2015 am., and the Court finds the information sought is important to resolve those issues. Finally, based on the

information provided, the Court cannot find the burden or expense of the proposed discovery outweighs its likely benefit. "[U]sing all the information provided by the parties" to consider the factors, *id.*, the Court finds Topics #11 and #12 fall within the appropriate scope of discovery in this particular case.

IT IS THEREFORE ORDERED that Defendant Pawnee County Board of Commissioners' Motion to Quash Deposition Notice and for Protective Order (ECF No. 45) is DENIED.

ORDERED this 31st day of August, 2022.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT